**1**

**Emile RIMAILHO, Appellant, v. Pliny E. HOLT, Appellee.**

(Court of Appeals of District of Columbia. Submitted November 9, 1925. Decided December 7, 1925.)

Patent Appeal No. 1721.

E. G. Curtis and N. N. Sanders, both of New York City, and A. D. Adams, of Washington, D. C., for appellant.

Melville Church, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decision of the Patent Office in an interference proceeding, awarding priority of invention to the party Holt.

The invention covers means for supporting heavy artillery, and involves a construction in which the gun-supporting frame has its ends carried by independently driven tractors of the caterpillar type. In the Patent Office the issue largely turned upon the question of Holt's diligence; Rimailho not having taken any testimony. The evidence has been fully and carefully reviewed by the tribunals of the Office, and we agree with

the conclusion reached that Holt, in view of the circumstances surrounding him, his conduct after conception, and the character of the invention, was reasonably diligent. The decision therefore is affirmed.

Affirmed.

═══

**2**

**Paul J. SIMMEN, Appellant, v. Mark H. HOVEY and Thomas E. Clark, Appellees.**

(Court of Appeals of District of Columbia. Submitted November 16, 1925. Decided December 7, 1925.)

Patent Appeal No. 1780.

L. E. Dodge, of New York City, and Robert Watson, of Washington, D. C., for appellant.

E. N. Pagelsen, of Detroit, Mich., for appellees.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. This case is closely related to two preceding cases, Patent Appeals Nos. 1776 and 1777, —— App. D. C. ——, 8 F.(2d) 1014, which involved the same testimony and the same application of Clark and Hovey.

Simmen's application was filed March 13, 1915, and, since he has taken no testimony, he is restricted to that date for conception and reduction to practice. The tribunals below have held that the testimony for Clark and Hovey established conception in the fall of 1914, which was followed by a diligent reduction to practice. For the reasons more fully stated in our opinion in Appeal No. 1777, we concur in the ruling here. The decision therefore is affirmed.

Affirmed.